WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mark H. Goldberg, et al., | ) | No. CV-05-2670-PHX-JAT |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| Pacific Indemnity Company, et al., | ) | |
| Defendants. | ) | |

Pending before this Court is a motion to intervene made by Marson & Sons, Inc. ("Marson") pursuant to Rule 24 of the Federal Rules of Civil Procedure and a motion made by Marson to stay or dismiss the proceedings pursuant to the *Colorado River* abstention doctrine. *See Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817–19 (1976). Because only a party to a lawsuit may invoke the *Colorado River* abstention doctrine,[1] this Court first considers Marson's motion to intervene. Rule 24 provides two types of intervention: (1) intervention as a right and (2) permissive intervention.

---

[1] *Cf. Colo. River Water Conservation Dist.,* 424 U.S. at 806 (reversing grant of motion to dismiss based on abstention made by defendants and interveners); *Smith v. Cent. Ariz. Water Conservation*, 418 F.3d 1028, 1030 (9th Cir. 2005) (affirming decision denying plaintiff's motion to abstain and remand); *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.2d 908, 910 (9th Cir. 1993) (reversing grant of defendants' motion to stay the proceedings based on abstention).

**A. Intervention as a Right**

Rule 24(a) provides that "[u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24. Typically, the Rule is liberally construed to favor the applicants for intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). An applicant for intervention as a right must show:

> (1) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action;
>
> (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;
>
> (3) the application is timely; and
>
> (4) the existing parties may not adequately represent the applicant's interest.

*Canatella v. California*, 404 F.3d 1106, 1112 (9th Cir. 2005) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir.1998)).

Analyzing these factors "requires a practical and equitable analysis of the underlying facts." *Id.* at 1113 (describing a court's discretion in analyzing the factors).

This Court must first decide whether Marson has a significant protectable interest related to the property or transaction that is the subject of the litigation. In *Arakaki,* the Ninth Circuit determined that a "significant protectable interest" is an interest "'protectable under some law'" and related to the claim at issue. 324 F.3d at 1084 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). A sufficient relationship between the interest and the claim exists only where "'the resolution of the plaintiff's claims actually will affect the applicant.'" *Id.* (quoting *Donnelly*, 159 F.3d at 410).

Marson did not identify its "significant protectable interest" in either its motion or its reply to the parties' response briefs. Instead, Marson argued more generally that it qualifies under Rule 24(a) because the federal litigation involves the same underlying facts—alleged

damages to the Plaintiffs' residential property—as the Plaintiffs' suit against Marson in state court. As a result, the Plaintiffs could potentially recover twice for so-called "stigma damages." Using inferences, Marson seemed to argue that its "significant protectable interest" is its financial interests. And the relationship between that interest and the claim in the federal action is as follows: if Marson was permitted to intervene in the federal lawsuit, succeeded in convincing this Court to abstain from exercising jurisdiction, litigated the state action claims along with the defendant insurance companies ("Defendants"), and lost at least on the claim for stigma damages, it could suffer less financial deprivation since the payment of stigma damages may be shared with the Defendants.

The Defendants responded that the Court should deny Marson's motion to intervene as a right. They reasoned that Marson does not have a "significant protectable interest" relating to a transaction that is the subject of the federal action because the federal dispute involves an insurance contract and Marson is neither a party to nor a third party beneficiary of the insurance contract at issue.

The Court agrees with the Defendants. Marson's only conceivable interest is protecting its financial resources, which may be directly touched if Plaintiffs prevail in the state action, and potentially touched in a subrogation action by the Defendants if the Defendants lose in the federal action. However, this interest is not related to the claim at issue. The federal action concerns an alleged breach of an insurance policy and a verdict for the Plaintiffs in federal court will in no way impact their separate claims against Marson in state court.

Nor does the possibility of the Plaintiffs recovering similar damage awards in both courts change the analysis. Arizona law permits double recovery under the collateral source rule unless otherwise provided by state statute. *Lopez v. Safeway Stores, Inc.*, --- P.3d ---, ---, No. 2 CA-CV 2005-0057, 2006 WL 465800 at *9 (Ariz. Ct. App. Feb. 28, 2006). The collateral source rule provides that "'[p]ayments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable.'" *Taylor v. S. Pac. Transp. Co.*, 637

- 3 -

P.2d 726, 729 (Ariz. 1981) (quoting Restatement (Second) of Torts § 902(2) (1979)). The court went on to explain:

> The collateral source rule is most often applied in cases where an injured party recovers from a tortfeasor amounts for which plaintiff has already been compensated by his insurer. Evidence of these collateral payments is not admissible to show mitigation of damages and the tortfeasor will be barred from arguing that the plaintiff has already been made whole for his losses by his own insurance company. The rationale for this rule is that simply because the injured party might have provided by contract for reimbursement of [] expenses, it should not be used to lessen the tortfeasor's liability. *There should be no windfall for a tortfeasor because he injured an insured instead of a non-insured*.

*Id.* at 729–30 (emphasis added) (internal citations omitted).[2]

Because this Court concludes Marson lacks a significant protectable interest related to the claims in the federal action, Marson's request to intervene as a right must be denied.

**B. Permissive Intervention**

Marson also asked this Court to permit it to intervene under Rule 24(b) of the Federal Rules of Civil Procedure. The Rule provides that "[u]pon timely application anyone may be permitted to intervene in an action: . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). A court "[i]n exercising its discretion . . . shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* The applicant must satisfy three requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412 (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)); *see also Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110–11 (9th Cir. 2002). Notwithstanding satisfaction of these requirements, a district court still has the discretion to deny intervention. *Donnelly*, 159 F.3d at 412.

---

[2]This Court, by referencing the Arizona collateral source rule, does not seek to answer the question of whether the rule applies in the lawsuit between the Plaintiffs and Marson. The Court only cites the rule to show that what appears to be Marson's effort to receive a windfall by sharing liability with the Defendants is inapposite to a "significant protectable interest" meriting intervention as a right.

- 4 -

1    In support of permissive intervention, Marson argued that the federal action pertains
2 to the same underlying event and facts.  Marson further argues that the Court should permit
3 intervention so that Marson can protect its rights and not be hurt by parallel proceedings
4 since the Plaintiffs may seek the same damages in both the federal and state actions.  Marson
5 did not assert an independent basis for jurisdiction.

6    The Defendants responded by arguing that Marson's claim or defense does not share
7 a common question of law or fact because Marson did not allege a claim or defense in its
8 motion to intervene, and Marson did not show the required independent basis for federal
9 jurisdiction.  Moreover, the Defendants argued, even if Marson satisfied all three
10 requirements, this Court should deny the motion to intervene because Marson's purpose for
11 seeking intervention is delay of the federal action through application of an abstention
12 doctrine.

13    Marson failed to show how this Court has an independent basis for jurisdiction over
14 its claims, which is a threshold requirement for permissive intervention.  Marson neither
15 asserted subject matter jurisdiction pursuant to 28 U.S. C. § 1331 nor diversity jurisdiction
16 pursuant to 28 U.S.C. § 1332.  As a result, this Court cannot grant Marson's motion for
17 permissive intervention.

18 **C. Conclusion**

19    The Court denies Marson's motion to intervene as a right pursuant to Federal Rule of
20 Civil Procedure 24(a) because Marson does not have a significant protectable interest related
21 to the property or transaction that is the subject of the litigation.  The federal action concerns
22 different claims from the state action.  Marson's interest in protecting its financial interests
23 from the Plaintiffs' possible double recovery is insufficient because the Arizona collateral
24 source rule could permit such a recovery by the Plaintiffs.  The Court declines granting
25 Marson permissive intervention pursuant to Federal Rule of Civil Procedure 24(b) because
26 Marson failed to show the requisite independent basis for federal jurisdiction.  Because
27 Marson is not a party to the federal action, it lacks standing to move to remove or stay the
28

1  federal action pursuant to the *Colorado River* abstention doctrine. Thus, based on the
2  foregoing,
3       IT IS ORDERED that Marson's Motion to Intervene (Doc. # 22) is denied.
4       IT IS FURTHER ORDERED that Marson's Motion to Stay Proceedings Pursuant to
5  the Abstention Doctrine, or, in the Alternative, Motion for Removal of Action to State Court
6  Pursuant to the Abstention Doctrine (Doc. # 14), is denied.
7       DATED this 27th day of March, 2006.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge