**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mark H. Goldberg, et al., | ) | No. CV-05-2670-PHX-JAT |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Pacific Indemnity Company, et al., | ) | |
| Defendants. | ) | |

Plaintiffs have filed a sealed Motion to Have Previously Filed Documents Placed Under Seal (Doc. #503). Plaintiffs filed exhibits to their Comprehensive Statement of Facts that contained personal identifiers in violation of the Administrative Policies and Procedures Manual Section E.1. That Section provides:

> Unless otherwise ordered by the court, parties must refrain from including, or must partially redact where inclusion is necessary, the following personal identifiers from all pleadings and documents filed with the court, including exhibits thereto:
> a. Social Security numbers. If an individual's Social Security number must be included in a pleading or document, only the last four (4) digits of that number should be used.
> b. Names of minor children. If the involvement of a minor child must be mentioned, only the initials of that child should be used.
> c. Dates of birth. If an individual's date of birth must be included in a pleading or document, only the year should be used.
> d. Financial account numbers. If financial account numbers are relevant, only the last four digits of these numbers should be used.
> e. Home address (Criminal Cases Only.) If a home address must

be included in a document filed in a criminal case, only the city and state should be listed.

Plaintiffs want this Court to seal completely Document Numbers 165, 167, 168, 169, 187, 212, 213, 215, 216, 225, 226, 228, 229, 230, 231, 232, 233, 255, 268, 269, 270, 271, 272, 274, 275, 277, 278, 279, 280, 282, 283, 285, 286, 287, 288, 289, 290, 291, 295, 296, 297, 298, 300, 301, 302, 303, 309, 310, 311, 312, 377, 378, 379, 380, 381, 382, 393 and 422 because they contain impermissible personal identifiers. The Ninth Circuit has a strong presumption in favor of open access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). The party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id*. When the party seeks to seal an exhibit to a motion for summary judgment, the party must offer compelling reasons for sealing the document. *Id*. at 1180.

The Court finds that Plaintiffs have not offered compelling reasons for sealing the exhibits. Obviously, compelling reasons exist for maintaining the privacy of an individual's social security number, etc.; hence Section E.1 of the Administrative Policies and Procedures Manual. But that does not mean an entire exhibit should be sealed. The better course would be for Plaintiffs to file redacted versions of all the exhibits they have moved to seal, then move to strike the un-redacted versions of those exhibits. Plaintiffs have done this already for some of the exhibits. The Court then could keep the record of this case open to the public, but prevent the disclosure of private identifiers.

Accordingly,

IT IS ORDERED DENYING Plaintiffs' Motion to Have Previously Filed Documents Placed Under Seal (Doc. #503).

IT IS FURTHER ORDERED that the Clerk of the Court does not need to file this Order under seal.

DATED this 24th day of October, 2007.

James A. Teilborg
United States District Judge

- 2 -