**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark H. Goldberg; Sherry R. Goldberg; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Pacific Indemnity Company, a California corporation; et al., <br><br> Defendants. | No. CV 05-2670-PHX-JAT <br><br> **ORDER** |

Pending before the Court is Defendant Pacific Indemnity Company's ("Pacific") Request for Clarification And/Or Motion for Reconsideration (Doc. #628). Pacific seeks reconsideration of the Court's grant of summary judgment to Plaintiffs, the Goldbergs and the Trust, regarding the late notice and failure to cooperate defenses on a theory of waiver. The Court will grant the Motion for Reconsideration and modifies its Order at Docket #625 as set forth below.

Pacific moved for summary judgment on the Goldbergs' breach of contract claim based on the Goldbergs' late presentment of the claim and their alleged failure to cooperate. The Goldbergs' insurance agreement contained late notice and duty to cooperate provisions. Pacific must demonstrate that it suffered prejudice as a result of the Goldbergs' delay in order to succeed on a late notice defense.

The Court did not engage in a full analysis of the prejudice issue in its earlier order, other than to express its doubts that Pacific had proven prejudice as a matter of law, because the Court held Pacific had waived the late notice and failure to cooperate defenses. Pacific does not ask the Court to reconsider its denial of Pacific's motion for summary judgment on the late notice and lack of cooperation defenses (Doc. #628, p. 1), and the Court now makes clear that Pacific has not demonstrated as a matter of law that it prevails on the late notice and failure to cooperate defenses. The Court's denial of Pacific's motion for summary judgment on those two issues therefore stands.

Pacific's request for reconsideration instead focuses on the grant of summary to the Goldbergs on the waiver issue. Pacific attacks the Court's ruling on two fronts. Pacific argues that the Court procedurally erred in granting summary judgment to the Goldbergs because they did not ask for summary judgment. Pacific further argues that the Court should reconsider its Order in light of certain practical and public-policy considerations.

Courts have "the power sua sponte to grant summary judgment to a non-movant when there has been a motion but no cross-motion." *Kassbaum v. Steppenwolf Prod., Inc.*, 236 F.3d 487, 494 (9th Cir. 2000). But before doing so, a court must determine that "the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." *Ramsey v. Coughlin*, 94 F.3d 71, 73 -74 (2$^{d}$ Cir. 1996). Pacific dedicated nearly three pages of its eleven page reply in support of summary judgment to the issues of waiver and estoppel. The Court finds that Pacific had a full and fair opportunity to brief the issue of waiver and was not denied due process of the law.

Although the Court had the authority to enter summary judgment in favor of the Goldbergs, on reconsideration, the Court finds that it was not the best course. The Court based its waiver decision on certain undisputed facts, but the Goldbergs did not advance all of those same facts in their opposition to summary judgment. So, while Pacific had a fair

- 2 -

1 opportunity to address the waiver issue, it perhaps did not have the best opportunity to
2 address the particular concerns of the Court, i.e. – Pacific's payment on the claim in the form
3 of remediation benefits, Pacific's joinder in the state court action against the contractors who
4 performed the initial remediation, the payment of extraordinary ALE benefits, and Pacific's
5 failure to specifically mention the late notice defense until well after it had performed its
6 remediation and investigation and made significant payments to the Goldbergs.  And, upon
7 further reflection, while the Court may take one view of the undisputed facts in the case, it
8 cannot say for certain that a juror could not reasonably take a different view.  For those
9 reasons, the Court will vacate its grant of summary judgment to the Goldbergs on the waiver
10 issue.

11 Because the Court denies summary judgment to Pacific on the late notice and failure
12 to cooperate defenses, those issues will go to the jury.  The Court will also submit the waiver
13 issue to the jury.  The Court will not, however, submit the estoppel theory to the jury because
14 the Goldbergs failed to create a triable issue as to reliance.[1]

15 Accordingly,

16 IT IS ORDERED GRANTING Pacific's Motion for Reconsideration (Doc. #628).

17 IT IS FURTHER ORDERED VACATING the Court's earlier grant of summary
18 judgment to the Goldbergs on the late notice and failure to cooperate contract defenses.

19 IT IS FURTHER ORDERED that in all other respects the Court's earlier Order at
20 Docket No. 625 remains the same and, therefore, the following orders still stand:

---

[1] In its reply in support of the motion for reconsideration, Pacific seems to argue that the Goldbergs must prove detrimental reliance to prevail on a waiver theory.  Pacific's argument mistakenly conflates the issues of wavier and estoppel.  While estoppel requires a showing of detrimental reliance, waiver requires only a clear showing of an intent to waive a right, which can be inferred from conduct.  *See Services Holding Co. v. Transamerica Occidental Life Ins. Co.*, 883 P.2d 435, 443-44 (Ariz. Ct. App. 1994) ("Waiver of a right requires a clear showing of an intent to waive that right . . . On the other hand, a party asserting an estoppel claim must show that it, having the right to do so under all the circumstances of the case, has, in god faith , relied thereon.") (internal quotations omitted).

1     GRANTING Defendant Federal Insurance Company's Motion for Summary Judgment
2  (Doc. #143).
3     AND GRANTING IN PART AND DENYING IN PART Defendant Pacific
4  Indemnity Company's Motion for Summary Judgment (Doc. #144).  The Court grants
5  summary judgment to Pacific on the bad faith claim, Count II of Plaintiffs' Complaint.  The
6  Court further grants summary judgment to Pacific on the stigma damages issue of the breach
7  of contract claim, but denies summary judgment as to all remaining issues of Count I.
8     DATED this 17th day of April, 2008.

_____
James A. Teilborg
United States District Judge