**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark H. Goldberg; Sherry R. Goldberg; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Pacific Indemnity Company, a California corporation; et al., <br><br> Defendants. | No. CV 05-2670-PHX-JAT <br><br> **ORDER** |

Pending before the Court is Plaintiffs' Motion for Reconsideration and Request for Clarification (Doc. #637). Plaintiffs seek reconsideration of the Court's Order regarding submission of an estoppel theory to the jury. Plaintiffs also seek clarification of the Court's order regarding their "duty to cooperate." The Court will deny the reconsideration portion of the motion, but will provide the requested clarification.

In its Order on Pacific's Request for Clarification (Doc. #636), the Court stated that it would not submit an estoppel theory to the jury because the Goldbergs had failed to create a triable issue of fact as to reliance. The Court did rule that it would submit a waiver theory. The Court sees no reason to alter its ruling on the estoppel theory and therefore denies the motion for reconsideration.

The Court does wish to clarify its ruling regarding the duty to cooperate. The Court did not capitalize "Duty to Cooperate" in its Order. In mentioning the duty to cooperate provisions (Doc. #636, p.1), the Court did not refer to a specific Duty to Cooperate provision,

1 but rather the express contractual duties that Pacific argues could fall under the banner of
2 "cooperation", for instance, the duty to present the property. The Court did not intend to rule
3 that Pacific may argue an implied duty to cooperate or that it could argue that Plaintiffs
4 violated the "Cooperation Clause" found in the third-party liability portion of the policy.

5     To clarify, Pacific may argue that Plaintiffs' failure to meet specific contractual
6 conditions to coverage or the existence of an exclusion voids coverage under the policy.
7 Pacific cannot argue for an implied duty to cooperate as a defense to the breach of contract
8 claim. The Court views an implied duty to cooperate as something more than the general
9 duty of good faith implied into every contract. Nor can Pacific argue that the Cooperation
10 Clause found in the liability coverage section of policy applies to this case.

11     Accordingly,

12     IT IS ORDERED DENYING the reconsideration portion of the Motion for
13 Reconsideration and Request for Clarification (Doc. #637) and GRANTING the request for
14 clarification.

15     DATED this 17th day of July, 2008.

_____
James A. Teilborg
United States District Judge

- 2 -