**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark H. Goldberg and Sherry R. Goldberg, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Pacific Indemnity Company,<br><br>Defendant. | No. CV-05-2670-PHX-JAT<br><br>**ORDER** |

Defendant Pacific Indemnity Company has moved for the Court to modify the Taxation of Costs Order entered by the Clerk in favor of Defendant on November 6, 2008, and amended on November 14, 2008. (Docs. #834-836). Plaintiffs Mark H. And Sherry R. Goldberg oppose Defendant's Motion, asserting that there is no basis for the Court to increase the amount taxed for the Defendant. After reviewing the parties' filings, the Court now rules on the Motion.

**LEGAL STANDARD**

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax several classes of enumerated costs. Pursuant to FED. R. CIV. P. 54(d)(1), costs should be allowed to the prevailing party unless a court, federal statute, or federal rules otherwise direct. Upon motion for review of the clerk's taxation of costs, the clerk's actions may be reviewed by the Court. *Id.* Furthermore, "[t]he general rule on the taxation of costs is that the district court has discretion to fix the costs." *Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir.

1989) (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)). However, "such court discretion does not include the authority to tax costs beyond those authorized by statute." *Johnson v. Pac. Lighting Land Co.*, 878 F.2d at 298 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-443 (1986)).

## ANALYSIS

### *Costs Related to Videotaped Depositions*

At the time that Defendant submitted its Bill of Costs (Doc. #782) to the Clerk on Oct. 8, 2008, § 1920 provided that "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" could be taxed. However, that portion of § 1920 was amended on Oct. 13, 2008 to state that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" could be taxed. Because the amendment occurred as this dispute over costs was ongoing, the parties disagree over which version of § 1920 applies and also over how each version should be interpreted with respect to videotaped depositions. The Court, however, finds that it will reach the same result under either version of § 1920 based on the necessity of the depositions and thus will not decide the issue of which version of the statute should apply in this case.

"Deposition costs are taxable if they are reasonably necessary for trial." *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) (internal citation omitted). Though the Court has not found any Ninth Circuit cases that directly address the issue of taxation of videotaped deposition costs, courts in other circuits generally have found those costs taxable when the videotaped depositions were necessary for trial. *Compare Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (finding both a video-recorded deposition used to support motion for summary judgment and stenographic transcript of that deposition were necessarily obtained for use in the case and thus taxable costs); *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478-1479 (10th Cir. 1997) (finding district court did not abuse its discretion in concluding that both videotapes and transcripts were taxable because both were necessarily obtained for use in the case); *with Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) (allowing only transcription costs to be taxed

because party failed to demonstrate necessity of both videotape and transcription costs); *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465-66 (11th Cir. 1996) (reversing district court's taxation of videography costs and remanding to determine necessity of obtaining copies of video depositions). Accordingly, the Court finds that the costs of a videotaped deposition may be taxed only when the video was "necessarily obtained for use in the case," per § 1920 and the cases cited above.[1]

Here, Defendant has not demonstrated that the videotaped depositions in question were necessary for use in the case. Rather, Defendant states that its primary reason for videotaping the depositions was "to have depositions of fact witnesses on videotape so counsel could evaluate the case and prepare for trial in reliance on what the jury would be seeing, and be prepared to impeach such witnesses through the use of videotape" (Defendant's Motion for Modification of the Clerk's Taxation of Costs, Doc. #835, at 4). Defendant also alleges that the videotaped depositions were needed as alternatives for witnesses that were unavailable to appear at the trial (Defendant's Reply Motion, Doc. #842, at 3). However, the Court agrees with the reasoning used in the Fourth Circuit that "the concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." *Cherry*, 186 F.3d at 449. Thus, the Clerk properly denied Defendant's request to tax $20,237.66 for the videotaped depositions.

*Subpoena Fees for Witnesses Not Listed on Defendant's Witness List*

Defendant also requests the Court to authorize a tax of $735.30 for subpoena and

---

[1] Defendant posits in its Motion that together Local Rule 54.1(e)(3) and FED R. CIV. P. 30(b)(3) indicate that the expense of a videotaped deposition is always a taxable cost. Local Rule 54.1(e)(3) states that "the reporter's charge for the original deposition and copy is taxable whether or not the same be actually received into evidence, or whether or not it is taken solely for discovery." Rule 30(b)(3) states that deposition testimony "may be recorded by audio, audiovisual, or stenographic means." The Court does not agree with Defendant's interpretation since 54.1(e)(3) refers only to a *reporter's* charge for a deposition. The rule says nothing about a videographer or videotape.

- 3 -

witness fees for witnesses not specifically listed on Defendant's witness list. Citing an Eighth Circuit case, Defendant alleges that these fees should be taxed because Defendant did not know whether the witnesses would ultimately be permitted to testify at trial. *See Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 899 (8th Cir. 1978) (holding that taxing of cost of service for witness, who was not listed on plaintiff's original witness list and that was ultimately precluded from testifying, was justified because defendant did not know at the time of service that witness' testimony would be precluded). However, the facts of this case are distinguishable from those in *Admiral*. In *Admiral*, it was the unsuccessful plaintiff that both omitted the witness in question from the witness list and was ultimately taxed for the cost of that witness. 585 F.2d at 899. The *Admiral* court allowed the costs because it found that service of a subpoena duces tecum was the only method for the defense to prepare for cross-examination. *Id.*

Here, it was the Defendant that both omitted the witnesses from the witness list and served a subpoena on those witnesses. By omitting the witnesses from its witness list, Defendant should have been prepared for the exclusion of those witnesses at trial. Defendant thus bore the cost of service at its own risk, and taxation of these costs to the Plaintiff was properly denied by the Clerk.

*Cost to Serve Russell Nassof*

Finally, Defendant requests the Court to authorize a tax of $1,075.90 for fees incurred while attempting service of Mr. Russell Nassof, but Mr. Nassof was never served and thus never called at trial. Furthermore, the Defendant's argument that Mr. Nassof's testimony "would have been important in establishing the falsity of Mr. Goldberg's specific and overall testimony" largely relied on the incorrect assertion that Defendant's efforts at service occurred after Mr. Goldberg's testimony (Defendant's Motion for Modification of the Clerk's Taxation of Costs, Doc. #835, at 5; Defendants' Bill of Costs, Doc. #782, at 30-33). Thus, the costs of attempted service on Mr. Nassof were not necessary to the litigation, and the Clerk properly denied taxing these costs against the Plaintiff.

Accordingly,

**IT IS ORDERED** denying Defendant's Motion for the Modification of the Clerk's Taxation of Costs (Doc. #835) in its entirety.

DATED this 23rd day of June, 2009.

_____
James A. Teilborg
United States District Judge